IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAKARIYA NASIR MUHIDIN,<br><br>Defendant. | Case No. CR11-0164<br><br>ORDER FOR PRETRIAL DETENTION |

On the 14th day of December, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Richard L. Murphy. The Defendant appeared personally and was represented by his attorney, Jonathan B. Hammond.

## I. RELEVANT FACTS AND PROCEEDINGS

On December 8, 2011, Defendant Sakariya Nasir Muhidin was charged by Indictment (docket number 4) with possession of firearms by an unlawful user of controlled substances (Count 1) and receipt and possession, and aiding and abetting the receipt and possession, of stolen firearms (Count 2). At the arraignment on December 12, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on February 6, 2012.

At the hearing, Marion Police Sgt. Lance Miller testified regarding the circumstances underlying the instant charges. On June 20, 2010, Defendant and three other individuals burglarized a residence in Marion, Iowa, and stole multiple firearms. Defendant was recently arrested for this incident on a federal warrant. Following his arrest, Defendant was interviewed by law enforcement. Initially, Defendant *denied* knowing anything about the burglary or knowing the three other individuals – two of

whom are now co-defendants – involved in the burglary. Later, at the jail, Defendant admitted to his participation in the burglary. He stated that prior to the burglary, he spoke with one of the others about acquiring a gun for protection. Defendant met up with the others and then burglarized the house in Marion. After the burglary, Defendant and his associates went to another residence, smoked marijuana, and broke the gun-locks off of the firearms. They divided the guns up, with Defendant taking two of the firearms – a rifle and shotgun. Defendant wrapped the guns in a blanket and hid them in the attic of his residence.

Sgt. Miller testified that on the evening prior to the burglary, Defendant used his girlfriend's cell phone to send one of his brothers a text message. The text message stated that he would need a car on June 20 because he and one of the others were going to get some guns. Miller also testified that Defendant uses marijuana on a regular basis.

According to the pretrial services report, Defendant is 20 years old. He emigrated from Somalia to the United States with his family in April 1997. Defendant has lived in Cedar Rapids, Iowa, since then, except for a three month period from June to September 2011, when he lived with his father and sister in Rochester, Minnesota. Prior to his arrest, Defendant resided in Cedar Rapids with his mother and three younger brothers. Defendant is single, has never been married, and has no children.

For the past 5 months, Defendant has been employed by Cambridge Staffing, a temporary employment service, where he has been placed at Heinz/Quality Chef Food, Inc. In early 2011, Defendant was employed for three to four months at NCS Pearson. Defendant also worked at Halal Midamar, an Islamic food company in Cedar Rapids, for 3 months in 2009 and 7 months in 2010.

Defendant is in generally good physical health. He suffers from asthma and uses an Albuterol inhaler. Defendant told the pretrial services officer that he believes he is suffering from anxiety, but he has not been diagnosed with anxiety by a medical professional. Defendant was treated for depression and attention deficit disorder in 2007 and 2008. He is not currently taking any medication for any mental health issues.

Defendant reported using marijuana about once per month for the past year. According to Defendant, his last use was three weeks prior to his arrest.

As a juvenile, Defendant was charged with fifth degree theft in 2004, and criminal mischief in 2005.[1] On August 31, 2007, when he was 16 years old, Defendant was charged with assault with display of a weapon. Sct. Miller testified as to the underlying facts of this incident. Earlier in the day on August 31, Defendant and some friends shoplifted paint-ball guns and pellet guns from a Wal-Mart. Later that same day, Defendant and his friends stole a cell phone from a store at Lindale Mall. Defendant was confronted by mall security guards, and pulled out a metal hair pick and threatened to stab the security guards if they tried to restrain him. He fled the scene and was later apprehended by Cedar Rapids police. When he was apprehended, Defendant saw a police officer with a rifle, and stated to the police officers that he looked forward to getting a rifle so that he could shoot police officers with it. On October 17, 2007, Defendant was placed on juvenile probation for the August assault charge.

Approximately two weeks after being placed on probation, on October 30 and 31, 2007, Defendant was involved with stealing paint-ball guns from two different K-Mart stores in Cedar Rapids. On November 13, 2007, he was charged with third degree theft and fourth degree theft for the October paint-ball gun thefts. On November 20, 2007, Defendant's juvenile probation was revoked and he was placed at the Clarinda Academy. He was discharged from the Clarinda Academy on January 1, 2009, his eighteenth birthday. On July 25, 2009, Defendant was charged and later convicted of fifth degree theft.

While it is not reported in the pretrial services report, Sgt. Miller testified that in May 2010, Defendant was involved in a traffic stop for a defective muffler. Marijuana was found in the car. At one point, Defendant admitted responsibility for the marijuana, but he was not charged. On July 16, 2010, Defendant was charged and later convicted of

---

[1] Defendant was 13 and 14 years old at the time of these charges.

3

third degree burglary. In describing this charge, Miller testified that a witness saw Defendant take a purse from an unlocked car. According to Miller, the witness alerted Defendant to his presence by honking his horn, and Defendant responded by chasing the witness away. On September 19, 2010, Defendant was charged and later convicted of disorderly conduct, fighting, or violent behavior. According to Miller's testimony and the pretrial services report, Defendant was initially charged with assaulting his girlfriend, but he pleaded guilty to the amended charge. Defendant allegedly choked his girlfriend during an argument over his use of her cell phone.

On May 1, 2011, Defendant was charged and later convicted of disorderly house. With regard to this charge, Sgt. Miller testified that a canine officer was given permission to walk his dog down a hotel hallway. The dog indicated on a door to a hotel room. Defendant was inside the hotel room. Law enforcement found a baggie of marijuana in the room, and Defendant admitted smoking marijuana in the room.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of firearms by an unlawful user of controlled substances, and receipt and possession, and aiding and abetting the receipt and possession, of stolen firearms. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. Defendant admitted participating in the burglary of a home where firearms were taken. While in possession of the firearms, Defendant went with his accomplices to a home, where he smoked marijuana. The Court is concerned with Defendant's apparent pattern of escalating criminal behavior, up to and including breaking into a home to steal firearms. Defendant has a history of making threats of violence to others, and acting violently to others, including assaulting his girlfriend. Defendant is also a regular user of marijuana. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Based on the serious nature and circumstances of the offense, the strong evidence against him, and Defendant's history and characteristics, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 12, 2011) to the filing of this Ruling (December 15, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 15th day of December, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA